UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-81718-RAR

**LYNN A. HARRISON**,

    Plaintiff,

v.

**ANDREW SAUL**, Commissioner
of Social Security Administration,

    Defendant.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on the Report and Recommendation ("Report") [ECF No. 20] of Magistrate Judge Bruce Reinhart. On December 24, 2019, Plaintiff, Lynn A. Harrison ("Ms. Harrison") filed a complaint seeking review of Defendant Commissioner of the Social Security Administration's decision denying her disability benefits under the Social Security Act. *See* Compl. [ECF No. 1]. The case was referred to Judge Reinhart for rulings on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters. Thereafter, Plaintiff filed a Motion for Summary Judgment [ECF No. 15], and Defendant filed a competing Motion for Summary Judgment [ECF No. 17].

On August 4, 2020, Judge Reinhart entered his Report recommending the Court deny Plaintiff's Motion and grant Defendant's Motion. *See* Report at 17. Plaintiff timely filed an Objection to the Report [ECF No. 21] on August 16, 2020, and Defendant filed a Response [ECF No. 22] on August 31, 2020. The Court being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation **[ECF No. 20]** is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R&R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added; citations omitted). Given Plaintiff's timely-filed Objection, the Court has carefully reviewed the Report, the parties' written submissions and applicable law, and has conducted a *de novo* review of the record.

## ANALYSIS

Judge Reinhart carefully considered Ms. Harrison's claim that the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the opinion of her treating physician, Dr. Duran. Report at 11. Judge Reinhart found the ALJ properly evaluated the medical evidence, weighed Dr. Duran's opinions, and appropriately concluded that Ms. Harrison's physical impairments did not meet the criteria required for a disability finding. *Id*. at 14. Correctly identifying and applying the appropriate standard of law to evaluate the factual findings of the ALJ, *see id.* at 11-12, Judge Reinhart concluded the record contains substantial evidence to support the ALJ's decision that Ms. Harrison's impairments did not meet the severity of the impairments listed in the federal regulations. *See id.* at 7, 16. Thus, according to the Report, substantial evidence supports the ALJ's decision that Ms. Harrison was not disabled prior to September 30, 2015.[1] *Id.* at 16.

As an initial mater, Ms. Harrison's argument appears to be a repurposed argument from her Motion for Summary Judgment in lieu of a true legal objection to the Report. For example,

---

[1] Ms. Harrison's insured status for disability insurance benefits expired on September 30, 2015; thus, she was required to demonstrate to the ALJ that she became disabled on or before that date. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (holding that "a claimant is eligible for benefits where she demonstrates disability on or before" the date claimant was last insured).

Ms. Harrison admits the Objection is intended to "reaffirm[] her contentions that Dr. Duran's opinions deserved controlling weight and the ALJ selectively cited the evidence in the record to discount his conclusions." Obj. at 1-2. Similarly, Ms. Harrison reasserts that there is ample evidence supporting Dr. Duran's opinions and that her daily activities were minor and therefore still consistent with disability. *Id.* at 4. These repetitive and conclusory arguments continue throughout the Objection, and the Court concludes they are without merit.

*First*, Ms. Harrison contends the ALJ cherry-picked the evidence to improperly discredit Dr. Duran's conclusions. Obj. at 2. Judge Reinhart concluded the ALJ provided good cause for discounting the opinions of Dr. Duran given that his opinions were inconsistent with his own treatment notes and the record as a whole, and the ALJ's rationale was thus supported by substantial evidence. *See* Report 13-14.

Good cause to discount a treating physician's opinion exists when "(1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his or her own medical records." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (citations omitted). "[T]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician." *Id*. (alteration added; citations omitted).

Here, the ALJ specifically identified the inconsistencies between Dr. Duran's opinions and his own clinical observations and treatment notes. *See* Administrative R. 84-85. For instance, Dr. Duran's treatment notes reflecting that Ms. Harrison "experiences substantial pain relief with her prescribed medications and can sufficiently function," (R. 85; Report at 11), contradict Dr. Duran's opinion as set forth in the March 2018 Disability Impairment Questionnaire (which purports to relate back to 2013) indicating Ms. Harrison's prognosis is "guarded" and that her pain would interfere with her ability to function. Report at 5-6. There is no indication the ALJ's rationale was

unsupported by substantial evidence. Accordingly, Judge Reinhart correctly found the ALJ properly evaluated the medical evidence, prudently weighed Dr. Duran's opinions, and ultimately concluded that Ms. Harrison's physical impairments did not meet the criteria listed in the federal regulations. Report at 14.

*Second*, Ms. Harrison once again points to evidence that she contends supports Dr. Duran's opinion. Obj. at 3. However, Judge Reinhart found that much of the evidence Ms. Harrison relies on to support her claim that she is disabled post-dates the expiration of her insured status and is not indicative of her condition prior to her last insured date in September 2015. Report at 16. For example, Plaintiff identifies notes regarding a neurologic examination of Plaintiff taken by another physician—Andrew P. Ostapchuk, D.P.M.—in support of Dr. Duran's opinion. Obj. at 3. But Ms. Harrison's argument fails to consider that she was treated by Dr. Ostapchuk from October 2017 through February 2018 (Administrative R. 569), and therefore Dr. Ostapchuk's assessment of Ms. Harrison's physical limitations and his opinion regarding their severity is not compelling evidence of her condition between 2013 and 2015. In any event, as Defendant aptly notes, "[t]he relevant question . . . is not whether some evidence might support Dr. Duran's opinion, but whether substantial evidence supports the ALJ's decision to discount it." Resp. at 2. In this case, Judge Reinhart concluded, and the Court agrees, that substantial evidence supports the ALJ's decision that Ms. Harrison was not disabled prior to September 30, 2015. Report. at 16.

*Third*, Ms. Harrison reasserts that her daily activities were minor, and that evidence of minor activities should not undermine the limitations assessed by Dr. Duran. Obj. at 4. However, Ms. Harrison's activities, such as sitting on an airplane for approximately five hours on a trip to California in 2015, directly conflict with Dr. Duran's documented opinion that Ms. Harrison could not sit longer than one hour in an eight-hour day. Admin. R. 84-85; Report at 10-11. Thus, the

ALJ properly relied upon Ms. Harrison's daily activities as instructive on the issue of what weight to accord to Dr. Duran's conclusory and inconsistent opinions. Report at 16.

## CONCLUSION

For the foregoing reasons, the undersigned fully agrees with the analysis and recommendations stated in Judge Reinhart's Report. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 20]** is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Summary Judgment **[ECF No. 15]** is **DENIED**.

3. Defendant's Motion for Summary Judgment **[ECF No. 17]** is **GRANTED**.

4. The ruling of the Commissioner is **AFFIRMED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of September, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Bruce Reinhart
      counsel of record